IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GARY ANTHONY COLE SR., | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No.  4:21-CV-767-O |
| | § | |
| BOBBY LUMPKIN, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Gary Anthony Cole Sr., a state prisoner confined in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director

of TDCJ-CID, Respondent. After considering the pleadings and relief sought by Petitioner, the Court

has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

## I. BACKGROUND

A jury in Tarrant County, Texas, Case No. 1572711D, found Petitioner guilty of assault on

a public servant and, on April 25, 2019, assessed his punishment at 25 years' confinement. SHR[1] 5,

ECF No. 14-11. Petitioner's conviction was affirmed on appeal and the Texas Court of Criminal

Appeals refused his petition for discretionary review. *Cole v. State,* No. 07-19-00230-CR, 2020 WL

5036077 (Tex. App.-Amarillo, June 20, 2020); TEXAS JUDICIAL BRANCH, http://www. txcourts.gov

(last visited October 4, 2021). Petitioner also challenged his conviction in a state habeas-corpus

application, which was dismissed for noncompliance with Texas Rule of Appellate Procedure 73.2.

Action Taken, ECF No. 14-9.

---

[1]"SHR" refers to the record of Petitioner's state habeas proceeding in WR-62,064-04.

## II.  ISSUES

In this federal petition, Petitioner raises four grounds for relief, alleging judicial and prosecutorial misconduct, ineffective assistance of counsel, and fraud and concealment in the state-court proceedings. Pet. 8–17,[2] ECF No. 1.

## III.  RULE 5 STATEMENT

Respondent asserts that the petition should be dismissed without prejudice based on Petitioner's failure to exhaust state-court remedies. Resp't's Preliminary Answer 4–8, ECF No. 12.

## IV.  EXHAUSTION

Petitioners seeking habeas-corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c)[3]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A state petitioner may satisfy the exhaustion requirement by fairly presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals in either a properly filed petition for discretionary review in the course of a direct appeal

---

[2]Because pages are inserted into the form petition, the pagination in the ECF header is used.

[3]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>      (A) the applicant has exhausted the remedies available in the courts of the State; or
>      (B)(i) there is an absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>      . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

2

or state habeas-corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842–48 (1999); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

Petitioner did not raise the claims presented in this federal petition on direct review and, although he raised some, if not all, of the claims in his state habeas-corpus application, the application was dismissed for noncompliance with the state's appellate rules. Thus, Petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals in a procedurally correct manner. *See Castille v. Peoples,* 489 U.S. 346, 351 (1989). Because the state's highest court has not yet had a fair opportunity to consider the merits of the claims, the claims are unexhausted for purposes of federal habeas review, and any ruling from the federal court at this juncture would be premature. Absent a showing that state remedies are inadequate or ineffective, such showing not having been demonstrated, Petitioner cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254(b)(1)(B); *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973).

Accordingly, dismissal of the petition for lack of exhaustion is warranted so that Petitioner can fully exhaust his state-court remedies as to his claims and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

**V. CONCLUSION**

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of exhaustion of state-court remedies. Further, a certificate of appealability is **DENIED** as Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would question this

3

Court's procedural ruling.

**SO ORDERED** on this 4th day of October, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**